IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MARQUEZ, JR., | No. C 09-5397 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| SANTA CRUZ COUNTY SUPERIOR COURT; STATE OF CALIFORNIA, SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY, | (Docket No. 2) |
| Respondents. | |

### INTRODUCTION

Ths is a habeas case filed by a California prisoner proceeding pro se. In his petition, petitioner challenges orders by the state court regarding his parental rights and the custody of his son, on the grounds that tribal courts of the Turtle Mountain Band of the Chippewa Tribe, and not the state courts, have jurisdiction over the custody proceedings.

Petitioner has also applied for leave to proceed in forma pauperis.

### STATEMENT

According to the petition and attachments thereto the Santa Cruz County Human Resources Agency has placed his son in foster care following proceedings in the Santa Cruz County Superior Court at which petitioner's parental rights and those of the child's mother (who has also been incarcerated) were terminated. Petitioner's son is a member of the Turtle Mountain Band of the Chippewa Tribe, and petitioner claims that the Turtle Mountain Tribal

Court has jurisdiction over the custody proceedings. The state superior court, the California Court of Appeals and the Supreme Court of California have rejected petitioner's claims.

## ANALYSIS

In his petition petitioner seeks an order vacating the superior court's custody orders and returning his child to the custody of the child's mother.

Federal habeas corpus has never been available to challenge parental rights or child custody. *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511-12 (1982). A federal habeas petition challenging a state's child-custody determination simply seeks to relitigate the petitioner's interest in his or her own parental rights. *Ibid.* A federal court has no jurisdiction to relitigate these interests--federal courts are not courts of appeal from state decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). In addition, children placed in foster homes are not in the "custody" of the state for purposes of 28 U.S.C. § 2254, nor is the "custody" of foster or adoptive parents the type of custody that traditionally has been challenged through federal habeas. *Lehman*, 502 U.S. at 511; *see also Donnelly v. Donnelly*, 515 F.2d 129, 130 (1st Cir. 1975) (habeas corpus not intended to encompass kind of parental custody of children involving issues of visitation). Petitioner's claims, in which he challenges challenging the state court's determinations regarding his parental rights and the custody of his child, are not a cognizable for federal habeas relief.

## CONCLUSION

This habeas petition is **DISMISSED**.

In light of petitioner's lack of funds, the application to proceed in forma pauperis (docket number 2) is **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November  30  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\MARQUEZ5397.DSM.wpd